DYK, Circuit Judge, with whom LOURIE, CHEN, and HUGHES, Circuit Judges,
join, concurring in the denial of the petition for rehearing en banc.
The dissenting opinions’ sole arguments for eliminating the broadest reasonable interpretation standard in inter partes review (“IPR”) proceedings are that (1) IPR proceedings are a substitute for district court litigation, so the district court claim construction standard should apply; and (2) the right to amend in IPR proceedings is limited.
Neither argument supports setting aside the longstanding practice of applying the broadest reasonable interpretation standard in United States Patent and Trademark Office (“PTO”) proceedings. The PTO has applied the broadest reasonable interpretation standard in a variety of proceedings for more than a century. In re Cuozzo Speed Techs., LLC, No. 14-1301, 793 F.3d 1297, 1302 (Fed.Cir. July 8, 2015). Interference proceedings are adjudicatory, *1299 see Brand v. Miller, 487 F.3d 862, 867-68 (Fed.Cir.2007), but nonetheless apply a variant of the broadest reasonable interpretation standard, see, e.g., In re Baxter, 656 F.2d 679, 686 (CCPA 1981).
Nothing in the America Invents Act (“AIA”) indicates congressional intent to change the prevailing broadest reasonable interpretation standard. The dissents are wholly devoid of any evidence in the legislative history that Congress intended in the AIA to change the standard, and we must interpret the statute' in light of the long history of the use of the broadest reasonable interpretation standard in PTO proceedings. “What is of paramount importance is that Congress be able to legislate against a background of clear interpretive rules, so that it may know the effect of the language it adopts.” Finley v. United States, 490 U.S. 545, 556, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), superseded by statute on other grounds as recognized in Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Far from intending to change the standard, Congress conveyed rulemaking authority to the PTO to prescribe regulations, inter alia, “establishing and governing inter partes review,” 35 U.S.C. § 316(a)(4), and the PTO has adopted the broadest reasonable interpretation standard for IPR proceedings, 37 C.F.R. § 42.100(b). In the absence of evidence of congressional intent to abrogate the broadest reasonable interpretation standard, we should not act to adopt a different standard based on our own notions of appropriate public policy. If the standard is to be changed, that is a matter for Congress. There are pending bills which would do just that.[1]

. See Innovation Act, H.R. 9, 114th Cong. § 9(b)(1)(C) (2015) (as reported by House Judiciary Committee on June 11, 2015, with Manager’s Amendment in the nature of a substitute);, PATENT Act, S. 1137, 114th Cong. § 11(a)(4)(A)(vii) (2015) (as reported by Senate Judiciary Committee on June 4, 2015, with Manager's Amendment in the nature of a substitute); STRONG Patents Act of 2015, S. 632, 114th Cong. § 102(a) (2015) (as introduced on March 3, 2015).